# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| HOUSTON SAMUEL HAMMONS, #02538122 | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:24cv236 |
| OFFICER KENNETH FRANKLIN, ET AL. | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

*Pro se* Plaintiff Houston Samuel Hammons filed the above-styled and numbered complaint pursuant to 42 U.S.C. § 1983. The complaint was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

On November 26, 2024, the court ordered Plaintiff to pay an initial partial filing fee of $12.33 within thirty days from receipt of the Order. (Dkt. #26). On January 8, 2025, the court granted Plaintiff a thirty-day extension of time in which to pay the initial partial filing fee. (Dkt. #31). On March 17, 2025, the court granted Plaintiff another thirty-day extension of time in which to pay the initial partial filing fee. (Dkt. #34). The record shows that Plaintiff acknowledged receipt of the Order (Dkt. #34) on March 26, 2025. (Dkt. #38). As of this date, Plaintiff has failed to comply with the court's orders[1]; thus, he has failed to prosecute his case.

---

[1] Plaintiff filed a notice, stating that, on March 27, 2025, he "signed on camera . . . for the $12.33 filing fee to be sent to [the] court." (Dkt. #37). As of this date, however, the court has not received any payment from Plaintiff. Plaintiff also filed several letters to the court, but they do not respond to the court's orders to pay the initial partial filing fee. (Dkt. ##35, 36, 38, 39).

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court; appellate review is only for abuse of that discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. ISD*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also dismiss an action *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). In this case, Plaintiff has failed to comply with the court's orders. Therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is therefore recommended that the case be dismissed without prejudice. Fed. R. Civ. P. 41(b).

Within 14 days after service of the magistrate judge's report, any party may serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of June, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE